**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JENNIFER JOAN DOUCETTE**                    **CIVIL ACTION**

**VERSUS**                    **NO. 15-6947**

**SOCIAL SECURITY ADMINISTRATION**                    **SECTION "B" (3)**

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DBI") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("SSA").   The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.   For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

**I.      BACKGROUND**

Plaintiff filed an application for DIB and SSI on April 27, 2012, alleging a disability onset date of April 5, 2010. (Adm. Rec. at 226-38).[1]   Plaintiff alleged disability due to a fused left hip, a right ankle injury, thyroid problems, shingles, arthritis in her neck and hand, diabetes, torn rotator cuffs, and scoliosis.   (*Id.* at 289).   Plaintiff, born on November 1, 1960, was 49 years old on the date on which she alleged disability and 53 years old at the time of the final administrative decision. (*Id.* at 226).   Plaintiff has four or more years of college.   (*Id.* at 290).   Plaintiff has past work experience in customer service, in shipping and receiving, and as a shipping clerk.   (*Id.*).

Defendant initially denied plaintiff's application on June 19, 2012. (*Id.* at 114-17).   After

---

[1]      It also appears that plaintiff applied for both DIB and SSI on May 19, 2010. (*Id.* at 215-25). Whatever happened to these applications, the Court is unaware.

plaintiff withdrew her request for a hearing, she again sought an administrative hearing, which defendant held on January 9, 2014. (*Id.* at 40-80). Plaintiff and a vocational expert ("VE"), Todd Capitano, testified at the hearing.

On June 27, 2014, the ALJ issued a decision in which she found that plaintiff had not been disabled since the alleged onset date. (*Id.* at 10-19). In the decision, the ALJ concluded that plaintiff has the severe impairments of fibromyalgia and degenerative disc disease and degenerative joint disease. (*Id.* at 12). The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 13). The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.1567(b) except that she can only lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour day; sit for six hours in an eight-hour day; never climb ladders, ropes, and scaffolds; occasionally perform all other postures; and occasionally reach overhead bilaterally. (*Id.* at 14). The ALJ concluded that plaintiff can perform her past relevant work as a truck rental clerk. (*Id.* at 318). The ALJ thus denied plaintiff DIB and SSI. (*Id.* at 19).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 38). On October 29, 2015, the Appeals Council denied plaintiff's request. (*Id.* at 1-6). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal

standards to evaluate the evidence.   *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).   If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.   *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.   *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.   *Carey,* 230 F.3d at 135.   Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.   *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.   *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.   42 U.S.C. § 1382(a)(3)(B).   The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of

4

impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).   If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.   *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).   Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination.   *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.   *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."   *Id.*

IV.   **ISSUES ON APPEAL**

There are two issues on appeal:

(1)     Whether the ALJ erred in her assessment of plaintiff's credibility.

(2)     Whether substantial evidence supports the ALJ's RFC assessment.

V.   **ANALYSIS**

5

      **1.      Whether the ALJ erred in her assessment of plaintiff's credibility.**

Plaintiff argues that the ALJ erred when she failed to follow the guidelines in Social Security Ruling ("SSR") 96-7p and 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) in her assessment of plaintiff's credibility.   She maintains that the ALJ cited only one examination by a non-treating physician and the absence of an EMG and clinical findings to support her conclusion that plaintiff's subjective complaints of pain were not credible. Plaintiff points to numerous MRIs and x-rays in the record that are consistent with plaintiff's subjective complaints of pain.

"It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). To this end, the ALJ is required to make "affirmative findings regarding a claimant's subjective complaints [of pain]," *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994), and such findings "should be upheld if supported by substantial evidence." *Chambliss*, 269 F.3d at 522 (citation omitted). The ALJ is not required to explicitly discuss all the evidence that supported the decision or the evidence that she rejected. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). "That the [ALJ] did not follow formalistic rules in [her] articulation compromises no aspect of fairness or accuracy that this process is designed to ensure." *Id.*; *see also Haywood v. Soc. Sec. Admin.*, No. Civ. A. 14-415, 2015 WL 846210, at *6 (E.D. La. Feb. 25, 2015).

Subjective complaints must be corroborated, at least in part, by objective evidence. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). Further, it is appropriate and entirely within the ALJ's discretion to discredit a claimant's subjective complaints due to contradictory medical reports or daily activities. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991).

6

As noted above, plaintiff specifically points to MRIs and x-rays that support her claims of postural limitations. However, the ALJ specifically accounted for plaintiff's postural limitations by limiting her to sitting, standing, and walking only six hours in an eight-hour workday, only occasionally performing other postures, and only occasional overhead reaching. (Adm Rec. at 12). The RFC is what an individual can still do despite her limitations. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *Id.*; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is working eight hours, five days a week, or an equivalent schedule. *Id.* RFC is not the least an individual can do, but the most. SSR 96-8p at *2. The RFC assessment is a function-by-function assessment, with both exertional and non-exertional factors to be considered and is based on all of the relevant evidence in the case record. *Id.* at *3-5. The ALJ will discuss the claimant's ability to perform sustained work activity on a regular and continuing basis, and will resolve any inconsistencies in the evidence. *Id.* at *7.

The record indicates that the ALJ incorporated plaintiff's postural limitations into her RFC assessment based on the ALJ's evaluation of the evidence in this case. The ALJ properly discussed the evidence in the record in making her RFC determination, explained the reasoning for her RFC determination, and exercised her responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into her RFC assessment that were most supported by the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). As outlined below, because there is substantial evidence in the record that supports the ALJ's evaluation of plaintiff's postural limitations, remand is not required.

Plaintiff contends that the ALJ's reliance on Felix Rabito, M.D. is misplaced because his

report lacks an opinion on the level of work that she can perform or her postural limitations. However, Rabito was not required to provide such limitations, as the ALJ has the sole responsibility to determine plaintiff's limitations. *See Taylor v. Astrue*, 706 F3d 600, 602-603 (5th Cir. 2012); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). Rabito reported that plaintiff had straight leg raises to 90 degrees bilaterally with no pain, normal muscle tone and development in her upper extremities, no muscle atrophy, and no significant scoliosis. (Adm. Rec. at 496). His objective findings are consistent with the ALJ's credibility finding.   Further, Rabito's opinion of plaintiff's limitations is consistent with the ALJ's finding that plaintiff's allegations are not fully credible: "[w]hile her symptoms appear to be significant and her functional capacity somewhat limited [by plaintiff's report], her physical findings suggested only mild to moderate limitation." (*Id.* at 497). Rabito noted that plaintiff's "physical exam was unremarkable" and her "mood and affect appeared to be appropriate." (*Id.*). Significant portions of Rabito's report thus support the ALJ's credibility finding even though he did not explicitly discuss plaintiff's limitations.

Plaintiff notes that Rabito also stated that the MRI of her brain and CT of the spine were consistent with multilevel cervical disc disease, her findings were suggestive of fibromyalgic syndrome, and a more detailed clinical update was needed to rule out chronic inflammatory joint disease. (*Id.* at 497). However, the ALJ properly discredited those opinions by Rabito because they were inconsistent with his own findings and the rest of the record. (*Id.* at 18). For the ALJ to give deference to a medical opinion, the opinion must be more than conclusory and must be supported by clinical and laboratory findings. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

For example, contrary to Rabito's opinion, as the ALJ noted, there is no finding of fibromyalgia on the record. (*Id.* at 18). Also, Rabito's opinion of cervical spine disease was not

consistent with the record, as immediately after, and in response to, plaintiff's brain and cervical spine MRIs, Dr. Brian Fong gave plaintiff no limitations and recommended that plaintiff continue physical therapy two times each week. (*Id.* at 709). In August 2012, Fong noted that plaintiff's lumbar MRI findings were relatively normal, and he expressed doubt that plaintiff's back and abdominal pain were musculoskeletal in nature. (*Id.* at 710). Fong also noted that plaintiff reported that her shoulder was improving with therapy.   (*Id.*).   The ALJ is free to reject the opinion of any physician – Rabito's – when the evidence supports a contrary conclusion. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).

The objective medical evidence also reveals that plaintiff was not as limited as she alleged. Notably, in October 2010 and January 2011, plaintiff had a normal gait, motor strength, muscle tone, mental status, sensation, and station; full range of motion in her back on another occasion in January 2011; and full range of motion in her shoulder and a non-tender and painless neck and back in April 2012. (Adm. Rec. at 464-65, 468, 480, 487, 707). Her daily activities also indicated that she was not as limited as alleged. For example, as the ALJ also noted, plaintiff babysat and held a child daily, drove, took brisk walks, prepared her own simple meals, did laundry, went shopping, sewed, and knitted. (*Id.* at 14, 318-21, 480). It is appropriate for an ALJ to discredit subjective complaints due to contradictory medical reports or daily activities. *Griego*, 940 F.2d at 945.

Plaintiff cites a September 2013 physical therapy report that she had no change in pain or function and that she reported high levels of pain in her scapula, neck, and shoulder. (Adm. Rec. at 757). However, plaintiff ignores her later rehabilitation visits. For example, just a month later, in October 2013, she had full muscle strength in her shoulder, elbow, hand, fingers, and wrist, and

in December 2013, her pain had decreased an overall 45 per cent, she was able to lie down to sleep, she could wash and comb the front and sides of her hair, she could sit or stand one hour at a time, and she was able to reach objects from her second shelf. (*Id.* at 750, 732). Therefore, based on Fong's opinion, the objective findings, and plaintiff's daily activities, substantial evidence supports the ALJ's credibility finding that plaintiff's complaints of pain did not limit her to the extent that she alleged.

### 2.    Whether substantial evidence supports the ALJ's RFC assessment.

The ALJ has the sole responsibility for evaluating a claimant's RFC based on the record as a whole. *See Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); 20 C.F.R. §§ 404.1546(c), 416.946(c). After reviewing the medical evidence of record as outlined above and below, the Court finds that substantial evidence supports the ALJ's decision that plaintiff retains the RFC to perform a reduced range of light work activity.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because no objective evidence supports that she can perform the lifting, carrying, standing, and walking required for light work. The record reveals the contrary. As outlined above, Fong noted that plaintiff's lumbar MRI findings were normal, gave plaintiff no limitations, and recommended that plaintiff attend physical therapy. (Adm. Rec. at 709-710). Rabito reported that plaintiff had straight leg raises to 90 degrees bilaterally with no pain, normal muscle tone and development in her upper extremities, no muscle atrophy, and no significant scoliosis. (*Id.* at 496). In October 2013, plaintiff had full muscle strength in her shoulder, elbow, hand, fingers, and wrist. (*Id.* at 750). In December 2013, plaintiff could sit or stand one hour at a time, and she was able to reach objects from her second shelf. (*Id.* at 732). And plaintiff babysat and held a child daily, drove, took

10

brisk walks, prepared her own simple meals, did laundry, went shopping, sewed, and knitted. (*Id.* at. 14, 318-21, 480). Substantial evidence on the record thus supports the ALJ's RFC determination.

Plaintiff also argues that the ALJ should not have afforded any weight to the opinion of Jessica White, a single decision maker, who concluded that plaintiff can perform light work. While the ALJ noted White's opinion, she gave no indication that she afforded any weight to the opinion. (*Id.* at 17-18). Therefore, plaintiff's argument is inconsequential. More importantly, because substantial evidence, including objective medical findings, Fong's opinions, and plaintiff's daily activities, support the ALJ's RFC determination, the Court rejects this argument.

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.    28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.    *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of October, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**